VIOLA B. WIENSKI v. WALLACE MOTORS, INC., ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 83134

Memorandum filed October 13, 1948.

Schatz, Schatz & Weinstein, of Hartford, for the Plaintiff.

Beizer & Beizer, of Hartford, for the Defendants.

INGLIS, J. This is an application made by the defendant in connection with a cross-complaint to restrain the plaintiff, pending the action, from pursuing a summary process proceeding which she has instituted in the City Court of Hartford.

The complaint in this action alleges that the defendant is a tenant of property owned by the plaintiff; that, by failure to make repairs and by starting to demolish a building standing on the leased property, the defendant has committed waste; and that, under the terms of the lease, the commission of such waste has terminated the lease. The prayers for relief are for an injunction to restrain further waste, for damages and for a declaratory judgment that the lease has expired and terminated. It appears that the real controversy between the parties arises out of the fact that the lease provides that, if the building in question is condemned by proper authority, then the building may be torn down by the defendant; or, if proper authority orders the making of repairs and said repairs shall exceed $2,000, then also the building may be demolished. The city of Hartford has ordered that either certain repairs be made or the building be demolished. The parties are in dispute as to whether the cost of those repairs will exceed $2,000. The defendant claims that they will and therefore has elected to tear down the building. This is the claimed waste.

The defendant has filed a cross-complaint alleging facts to justify its action in refusing to repair and in demolishing the building, and further alleging that the plaintiff has started the summary process proceeding against which it seeks this temporary injunction.

It is not now claimed by the defendant that the injunction is sought to prevent a multiplicity of actions, and it is obvious that there is no multiplicity of actions involved. This is so because, although the issue involved in this action is in part the same as that involved in the summary process, the remedies sought in the two actions are different. The plaintiff ought not to be deprived of the factor of prompt action to which she is entitled if she prevails in the summary process.

The real basis of the defendant's claim is that what is involved in both actions is the question of a forfeiture of the lease, that equity will relieve against the forfeiture and that, having once submitted the question whether there has been a forfeiture to the Superior Court, a court of equity, the plaintiff is precluded from trying out that issue in another action which is an action at law.

It is of course true that equity has power to relieve against a forfeiture, and where there is ground for such relief a court of equity having jurisdiction of such a question will restrain the enforcement of the forfeiture in a court of law. *Thompson* v. *Coe,* 96 Conn. 644, 659. The fallacy of the defendant's contention, however, lies in the fact that it has not alleged any facts which constitute an equitable right for relief against the forfeiture. It has not alleged any fraud, accident or mistake, nor any offer to make the repairs or refrain from the demolition of the building so as to restore the plaintiff to the position which she would have occupied if the waste upon which the forfeiture is predicated had not been committed. *Thompson* v. *Coe, supra,* 655. In other words, the only issue between the parties either in this action or in the summary process is whether, under the lease, waste has been committed and therefore whether there has been a forfeiture of the lease. This is a common-law question. There is no issue between the parties as to whether, granting that the forfeiture has occurred, there are equities which would relieve against the forfeiture. There is nothing alleged in the cross-complaint which indicates that the defendant claims any such equities. All that is alleged is that under the terms of the lease there has been no forfeiture. Accordingly, it is clear that this case is not one in equity and that therefore this court has no ground which would warrant the restraint of the proceedings in the City Court.

The application for a temporary injunction is denied.